WATSON, Judge.
Commercial Union Insurance Company sued Willie R. Harris and his liability insur *1302 er; Travelers Insurance Company, for $6,310 in damages to a tractor-trailer rig, owned by Commercial’s insured, Seventy-Four Quebec, Inc. Commercial is subrogated to the claim which resulted from a collision between its insured’s 1964 White tractor and semi-trailer and Harris’ 1974 Peterbilt tractor and semi-trailer.
The parties stipulated liability on the part of Travelers and Harris. The only issue considered by the trial court was damages. Four experts testified for plaintiff and one additional repair estimate was put into evidence by stipulation. Three experts testified for defendants.
The trial court concluded that:
“. . . the plaintiff’s witnesses had more experience and there is no reason for the Court to believe that their testimony was unrealiable [sic].” (TR. 137)
The trial court awarded $3,110 for the tractor, consisting of $3,360 in repairs, less a $250 deductible; $2,200 for the trailer, consisting of its value of $3,000 less salvage of $550 and a deductible of $250. The total award to plaintiff was $5,310.
The only substantial issue on appeal is whether the trial court abused its discretion in awarding damages. Not only was there no abuse of discretion, but the judgment is in accord with the preponderance of the evidence.
The trial judge has much discretion as to quantum. LSA-C.C. art. 1934. Where experts differ, the trier of fact is entitled to evaluate their testimony and to choose between them. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3 Cir. 1974) writ denied, La., 303 So.2d 187.
The judgment of the trial court, therefore, is affirmed and costs are taxed against appellants.
AFFIRMED.